Van Voorhis, J.
The order appealed from sustains relator’s writ of habeas corpus, and directs that he be resentenced upon his conviction on plea of guilty of the crime of manslaughter in the first degree. Relator had been indicted for murder in the first degree.
*236 This writ of habeas corpus has been sustained after a hearing, upon the ground that when relator was sentenced he was not asked by the Clerk of the court whether he had any.legal cause to show why judgment should not be pronounced against him, as required by section 480 of the Code of Criminal Procedure. Relator did not testify at the hearing. His petition does not state what he would have said in extenuation or to bar the sentence if he had been given the opportunity which he avers was denied to him. The stenographic minutes show that at the time when sentence was pronounced he was represented by counsel, who made a plea to the court in his behalf. None of these factors would be a substitute for allocution under section 480 of the Code of Criminal Procedure, which has been held to be a jurisdictional prerequisite to sentence’ (People ex rel. Miller v. Martin, 1 N Y 2d 406), but on this record it is established that section 480 was complied with as matter of law.
The presumption of regularity of official proceedings would require the denial of the writ in the absence of any evidence concerning what did occur when relator was sentenced (People v. Smyth, 3 N Y 2d 184,187). Relator did not testify that he was not asked by the Clerk whether he had legal cause to show why sentence should not be pronounced against him. The Appellate Division by citing its memorandum of decision in People ex rel. Sheehan v. Murphy (7 A D 2d 889) were careful to point out in their memorandum of affirmance that they were not holding that there was any burden on the People to disprove the claims of error contained in the petition. The only evidence that compliance with section 480 was omitted has to be found, if anywhere, in the stenographic minutes of the testimony and in the Clerk’s minutes of what occurred when sentence was imposed. This, is seems to us, supports the presumption of regularity instead of overcoming it. Relator was sentenced on February 27, 1950. Immediately before the plea by his counsel in his behalf on that date, the transcript of the stenographic minutes contains the following notation:
“ (The defendant was arraigned for sentence and asked the usual formal question.) ” Moreover, as was stated at the Appellate Division in the dissenting opinion of Justice Halpebn : ‘ ‘ After the handing down of the decision by the Special Term, the Attorney-General procured a photostatic copy of page 109 *237 of Liber 597 of the minutes of the Clerk of the County Court of Kings County, showing the proceedings held on February 27, 1950, the day of the relator’s sentence. A copy of the photostat was sent to the relator prior to the submission of the appeal to this court and a certified photostatic copy has been submitted to the court. Since this is a matter of official record which is in its nature indisputable, it may properly be received by this court upon appeal (Ripley v. Storer, 309 N. Y. 506, 518). The clerk’s minutes show the following: ‘ The following defendants were duly arraigned for sentence, pursuant to Sec. 480 C. C. P., with dispositions as follows: ’ Immediately thereafter there follows in one column the notation: ‘ #1062-1949 J. Amos Williams ’ and in the other column the following: ‘ Convicted of manslaughter, first degree, armed, Defendant present with counsel Leo Healy, Esq., M. Steinberg, Esq., H. Walters, Esq. Sentence to Sing Sing Prison for ten (10) to twenty (20) years for the crime plus five (5) to ten (10) for being armed, Total Fifteen (15) to thirty (30) years.’ The reference in these minutes to section 480, coupled with the reference to ‘ the usual formal question ’ in the stenographer’s minutes, demonstrates clearly that the question under section 480 had been asked. ’ ’
The excerpt from the Clerk’s minutes to which reference was made bears out that conclusion. There is no indication of any informality in the keeping of the stenographic or Clerk’s minutes, nor did any witness testify that the allocution was not spoken.
The order appealed from should be reversed, the petition dismissed and relator remanded to the custody of the Warden of Auburn State Prison.
Chief Judge Conway and Judges Desmond, Dye, Fxjld, Froessel and Burice concur.
Order reversed, etc.