■    THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES McIVER, Respondent.— Order, Supreme Court, New York County, entered on January 24, 1972, reversed, on the law, and the motion to controvert the warrant is denied. The question to be resolved is whether the absence of a written or autographed signature on an affidavit in support of a search warrant (the typed name of the officer appearing thereon) invalidates a search warrant and renders a subsequent search and seizure illegal. The signature of the Judge attesting that the document was sworn to appears on the affidavit, as does that of an Assistant District Attorney who approved the paper. The warrant issued contained the signature of the Judge and the body of the warrant contained the recital " Proof by affidavit having been made this day before me ", etc. At the hearing the officer testified that he applied for the warrant on September 5, 1969, the date of issuance. There is no real question as to probable cause or that a sizeable quantity of narcotics was found during the search. It should be noted this search occurred prior to the effective date of the new Criminal Procedure Law. The law then existing provided that a " search warrant cannot be issued, but upon probable cause, supported by affidavit " (Code Crim. Pro., § 793). The person seeking the warrant was required to appear personally before the Judge, who was required to take the affidavit or deposition of the person seeking the warrant (§ 794). If the Judge were satisfied that sufficient grounds existed it was mandated that he " issue a search warrant *signed* by him with his name and office " (Code Crim. Pro., § 796) (italics supplied). Section 797-a set forth the prescribed form of affidavit required in support of a search warrant. The affidavit must be sworn to and immediately preceding that portion of the affidavit appears the single word " name " rather than " signature ". There is no dispute that the typed name of the affiant did appear on the affidavit. The affidavit here merely served to invoke the judicial power and was not to serve as evidence to determine the guilt or innocence of the defendant. As such the essential element was the oath or affirmation of the applicant before an officer having authority to administer the oath. In the absence of evidence to the contrary, there is a presumption that the Judge, in reciting that the officer swore to the document, properly carried out the function of his office and truthfully stated the fact. A similar presumption would attach to the approval of the Assistant District Attorney. It is not contended that the typewritten name of the officer was not on the paper at the time it was sworn to. That being so, the fact that there was not an autographed signature would not invalidate the document. There was no obstacle which prevented the officer from adopting the typed name as his own and the record indicates such to have been his intention (see General Construction Law, § 46; *Brooklyn City R. R. Co.* v. *City of New York,* 139 Misc. 691; *David* v. *Williamsburgh City Fire Ins. Co.,* 83 N. Y. 265). The act of swearing, or affirming, together with the existence of an intent to adopt the paper and its contents, including the officer's name appearing thereon, was sufficient to validate the affidavit. Additionally, the officer's identity was sufficiently shown to render an autographed signature unnecessary in the absence of a statute specifically

requiring the same. Concur — Stevens, P. J., McNally and Eager, JJ.; Nunez and Murphy, JJ., dissent in the following memorandum by Murphy, J.: We disagree and would affirm the order on appeal. The majority correctly note that this case is governed by section 793 of the Code of Criminal Procedure (which provided that a "search warrant cannot be issued, but upon probable cause, *supported by affidavit*" [italics added]) rather than CPL 690.35 (which requires that an application for a search warrant "must be made, *subscribed and sworn to*" [italics added]). A subscription, of course, connotes "The act of writing one's name under a written instrument" (Black's Law Dictionary [4th ed.]); and the appearance of only a typewritten name alone will not suffice. The use of the phrase "subscribed and sworn to" rather than "affidavit" was not intended to represent any substantial change in the necessary procedure to obtain a search warrant. (See Denzer, Practice Commentary to CPL 690.35, McKinney's Cons. Laws of N. Y., Book 11A, p. 217.) Both the signature and the oath are still prerequisites to the validity of the warrant. Nevertheless the majority would validate the warrant notwithstanding the non-presence of an "autographed signature", relying on a "presumption" that the Judge who issued the warrant carried out the functions of his office (despite the absence of anything in the record before us to indicate that the police officer swore to the accuracy of the statements contained in his "affidavit" and of any minutes of the search warrant application proceeding), the presence of the typewritten name of the officer on the application and the absence of any statute specifically requiring an autographed signature. Aside from the fact that all "presumptions" should favor a defendant in a criminal case, any doubt that an affidavit requires an autographed signature, at least in this State, was dispelled some 40 years ago. In *Ponsrok* v. *City of Yonkers* (254 N. Y. 91, 94) the Court of Appeals, after noting that no statute requires an affidavit to be subscribed by the affiant and that early decisions here and those of other jurisdictions had held subscription to be unnecessary, stated: "In New York the rule is otherwise. It was held in the Supreme Court of this State in the early days, without giving reasons for the ruling, that the writing is an affidavit in law, though not signed by the deponent, if his name appears in the body of it and it is duly sworn to. In equity the rule was different. Chancellor WAL-WORTH pointed out the difficulties of sustaining a prosecution for perjury on an unsigned affidavit. His reasoning has since prevailed. In *People ex rel. Kenyon* v. *Sutherland* (81 N. Y. 1) the authorities were reviewed. It was held that an affidavit which was signed by the deponent would be regarded as sufficient although his name did not appear in the body of it. Subscription gave validity to the document. The purpose of the signature is the sure identification of the person who took the oath. Since then the decisions have been exacting that the affidavit should be signed by the party deposing." Accordingly, the search warrant was properly controverted below, and the order appealed from should be affirmed.