■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McIVER, Appellant.—Judgment, Supreme Court, New York County, on consolidated indictments, rendered June 12, 1973, convicting defendant, after trial without a jury, of the crimes of criminal possession of a dangerous drug in the second degree, possession of a weapon as a felony, and possession of dangerous drugs in the fourth and sixth degrees, is modified, on the law and on the facts, to the extent of reversing the convictions for possession of dangerous drugs in the fourth and sixth degrees, and dismissing those counts of the consolidated indictment, and, as so modified, the judgment is affirmed. The question seems to be whether or not a narcotics squad officer in a high-crime area has probable cause to arrest a person with an undocumented reputation as a narcotics seller, when he sees that person place a tinfoil-wrapped object into his pocket and proceed into a hotel lobby wherein the officer had made numerous arrests, even though the tinfoil package was later found to contain contraband. Though the hotel in question is notorious for its narcotics trade, defendant spoke to nobody, nor did he traffic with anybody at the time. The court, at the suppression hearing, ascribed as a predicate to its determination, the officer's expertise, credibility and arrest record. This, coupled with the fact that the hotel and the immediate area allegedly are drug-ridden are considered the basis for a finding of probable cause. Weight is also given to the defendant's reputation as a seller among unknown and unidentified informers. Presuming all this to be true, it still lacks the overtness of bona fide drug trade in that defendant neither spoke to nor exchanged anything with another, but merely transferred a tinfoil package from his hand to his pocket, not, standing alone, a suspicious act or a telltale sign of narcotics possession sufficient to furnish probable cause (see *People v Corrado,* 22 NY2d 308). Not only does the identification of the defendant as a seller fail to satisfy the tests of credibility and reliability as set forth in *Aguilar v Texas* (378 US 108), but the officer admits that he doesn't even know who his informants are. The test of credibility, therefore, cannot be satisfied. Concur—Evans, Capozzoli and Markewich, JJ.; Kupferman, J. P., dissents in part in a memorandum, as follows: The police officer had been told by several people he had previously arrested that their drugs had been bought from the defendant. The Judge at the suppression hearing found the police officer credible and an expert both in the area of narcotics and the situs involved. The officer saw the defendant handling a package wrapped in the indicia of the narcotics trade in the company of known drug addicts. Under the circumstances, the court quite properly concluded that there should be no suppression of the evidence. This is not a situation of an unwarranted intrusion nor does it call for hypertechnicality in the analysis of the law. (Cf. *People v McIver,* 39 AD2d 671, affd 31 NY2d 735. I would affirm.