OPINION OF THE COURT
Jan H. Plumadore, J.
A CPLR article 70 order to show cause was issued on July 21, 1988 on the strength of petitioner’s June 27, 1988 subject matter jurisdiction allegations. Respondent filed a return August 29, 1988 which the court deemed insufficient in an interim opinion dated October 21, 1988. Respondent filed an amended return dated November 25, 1988 dealing with the sole issue which could rightly be said to survive respondent’s initial (return) and traditional objections that petitioner’s grounds were raised or raisable on appeal, i.e., whether the procedural and constitutional prerequisites to a valid superior court information were met here. Petitioner filed a reply thereto on December 7,1988. The petition will be dismissed.
The filed waiver of indictment plainly meets both CPL 195.10 and 195.20 requirements. Petitioner’s only arguable *317 quibble therewith is that the fact(s) of his execution and the Judge’s approval do not appear in the stenographic record. They need not.
CPL 195.20 requires that the defendant sign the waiver in open court in the presence of his attorney, which this one recites it was. CPL 195.30 requires court approval which this one evinces at its foot.
An "open court” requirement does not mandate transcription by a reporter to validate agreements so long as they were made during a judicial proceeding in a court convened to do business (CPLR 2104; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2104:2, at 560; Neiman v Springer, 89 AD2d 922; Carmody-Wait 2d, NY Prac, Words and Phrases [1989 Pocket Part]). That is the case here: the utilized waiver recites that it was done in open court and was signed by both petitioner/defendant and his attorney.
Finally, from the face of the waiver and the (minimal) inquiry it conducted on the record, the trial court satisfied itself that this defendant’s waiver of indictment was proper and so noted (so ordered) thereon.
In accordance with the foregoing, the petition is dismissed.
It is so ordered.