■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM McINTYRE, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Hillery, J.), rendered August 5, 1987, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was improperly adjudicated a second felony offender because his previous conviction, in 1985, was based on an invalid waiver of indictment. The defendant asserts that the evidence elicited at his second

felony offender hearing established that a written waiver of indictment by a Grand Jury was not signed in "open court" *(see,* NY Const, art I, § 6; CPL 195.20).

Pursuant to CPL 400.21, the People bear the burden of proving beyond a reasonable doubt the existence of the predicate felony conviction. Once the People have done so, it is incumbent on the defendant to prove the facts underlying any claim that the conviction was unconstitutionally obtained *(see, People v Harris,* 61 NY2d 9). We conclude that the defendant failed to sustain his burden of overcoming the presumption of the validity and regularity of the previous felony conviction *(see, People v Harris,* 61 NY2d 9, 16, *supra).* During the defendant's plea allocution in 1985, he said he understood that, by pleading guilty, he was waiving the right to have his case presented to a Grand Jury. The record of the 1985 proceedings includes a copy of a written waiver of indictment signed by the defendant, the defense counsel, and the Assistant District Attorney. Moreover, in an order dated March 4, 1985, approving the waiver, the court found that the waiver of indictment executed by the defendant complied with CPL 195.10 and 195.20.

We find that the defendant's remaining contention is without merit. Lawrence, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.