OPINION OF THE COURT
Martin Marcus, J.
In this case, the defendant contends that because of a defect *904 in the manner in which he had previously been convicted of a felony, his new conviction does not render him a second felony offender. I ordered and held a hearing to resolve the contested issues of fact. Both sides agree that on August 20, 1990, in Part N of Bronx County Supreme Court, the defendant signed a waiver of indictment; pursuant to that waiver, superior court information No. 6047/90 (the SCI) was filed; and the defendant entered a plea of guilty to attempted criminal sale of a controlled substance, the sole charge in that SCI. The parties also agree that on October 1, 1990, the defendant was sentenced upon his plea of guilty to one to three years’ imprisonment. The defendant contends, however, that this conviction was unconstitutionally obtained because he did not sign the waiver of indictment in open court as required by section 6 of article I of the New York Constitution.
The procedure for determining whether a defendant is a second felony offender is set forth in CPL 400.21. Pursuant to that provision, the People have the burden of establishing beyond a reasonable doubt the existence of the prior felony conviction. Once they have, “it is then incumbent upon the defendant to allege and prove the facts underlying the claim that the conviction was unconstitutionally obtained (CPL 400.21, subd 7, par [b]).” (People v Harris, 61 NY2d 9, 15 [1983].) Although it is not entirely without question, it appears that the defendant may employ this procedure to challenge a prior conviction on the ground that it was obtained in violation of the State Constitution.[1]
*905 In the written waiver of indictment, the defendant made the following statements: that he had read its contents, “that under the Constitution of the State of New York, he ha[d] the right to be prosecuted by indictment filed by grand jury;” that he “waive [d] such right and consent[ed] to be prosecuted by superior court information filed by the district attorney;” that the SCI would charge him with the crime of attempted criminal sale of a controlled substance in the third degree, and that “the superior court information filed [would] have the same force and effect as an indictment filed by grand jury.” Attached to the SCI was an order approving the waiver, signed by the Judge before whom the plea was taken. In his order, the Judge stated: “It appears to the satisfaction of the court from the proceedings held, that the waiver of indictment executed by the defendant complies with the provisions of §§ 195.10 and 195.20 of the Criminal Procedure Law,” as in fact it did.
Both section 6 of article I of the New York Constitution and CPL 195.20 require that the waiver be signed by the defendant in the presence of counsel.* [2] In fact, this waiver is signed not only by the defendant, but also by his attorney, Joan Ehrlich-White, Esq. In his order, the Judge who accepted the defendant’s plea of guilty specifically found that the waiver “was knowingly and intelligently executed by the defendant in the presence of counsel,” and the defendant does not now contend otherwise.[3]
Section 6 of article I of the New York Constitution, however, does not merely require that the defendant sign the waiver in his attorney’s presence, but that he do so “in open court”. It might be argued that when a defendant signs a written waiver *906 of indictment in the presence of his attorney, and a court thereafter makes inquiry of the defendant and specifically finds that he has waived that right knowingly and voluntarily, it is of no constitutional consequence whether the document was signed in open court or out of the court’s presence. However, given previous decisions of the Court of Appeals, it appears that the requirement that a State constitutional right be waived in open court must be scrupulously honored.
The right to be prosecuted by an indictment returned by a Grand Jury is not “merely a personal privilege of the defendant but a ‘public fundamental right,’ which is the basis of jurisdiction to try and punish an individual * * * Infringement of that right constitutes a defect that cannot be waived by a guilty plea” (People v Boston, 75 NY2d 585, 587 [1990] [citations omitted]). Section 6 of article I of the New York Constitution not only proclaims the right to be prosecuted by indictment, but also sets forth the manner in which the right to prosecution by indictment may be waived. The Court of Appeals has made clear that when the State Constitution establishes a right, and then sets forth the procedure by which that right may be waived, the details of that procedure are not unimportant technicalities, but essential components of the waiver.
Thus, in People v Page (88 NY2d 1 [1996]), the defendant was convicted by a jury after he consented to the replacement of one of the regular jurors with an alternate after the jury had commenced its deliberations. Although CPL 270.35 (1) provides that the consent to such a substitution “must be in writing and must be signed by the defendant in person in open court in the presence of the court”, the defendant had not done so, and had consented to the substitution orally on the trial record.
Noting that the right to a trial by a jury of 12 was guaranteed under the New York State Constitution, the Court of Appeals followed its earlier decision in People v Ryan (19 NY2d 100 [1966]) in holding that when a defendant consents to substitution of an alternate for a regular juror during deliberations, the defendant thereby waives the constitutional right to be tried by the 12 jurors selected for the trial. Observing that CPL 270.35 mirrors the relevant provision of the State Constitution, which “itself unequivocally demands that waiver of a jury trial be accompanied by a written instrument signed by the defendant in open court before the Trial Judge” (88 NY2d, at 9), the Court inferred from the presence of “the signature and writing requirements” in the State Constitution that they *907 “were * * * considered crucial to securing a knowing and intelligent waiver.” (88 NY2d, at 10.) Accordingly, the Court held the defendant’s oral waiver invalid and reversed his conviction.
Just as the State Constitution requires that a defendant who waives a jury do so in a written instrument which he must sign in open court, so it mandates that a waiver of indictment be in writing, that it be signed by the defendant, and that the defendant sign it in open court. Page (supra) offers no basis upon which to distinguish the open court requirement from the signature and writing requirements it held were “crucial to securing a knowing and intelligent waiver.” To the contrary, Page seems to assume that a waiver executed in open court, that is, before the Judge, is also essential to a valid waiver, since the opinion notes that the provisions of the Constitution require not only “that the court obtain a written waiver signed personally by the defendant”, but also that “the court obtain [the] jury waiver from the defendant personally”. (People v Page, 88 NY2d, at 10.) Because there is no basis in law or logic to conclude that what is crucial for waiving a jury is not crucial for waiving indictment, it necessarily follows from Page that if a defendant does not sign a waiver of indictment in open court, the conviction resulting from his plea to the superior court information filed pursuant to the waiver has not been constitutionally obtained.
The question remains whether in this case the defendant has met his burden of proof to establish that he did not sign the waiver in open court. At the hearing, neither side presented testimony from any witness as to where or when the defendant executed the waiver. Neither side called the Judge who accepted the defendant’s plea, or Assistant District Attorney Zelenka, who represented the People in the plea proceedings. The defendant himself did not testify. The defendant did call Ms. Ehrlich-White, the attorney who represented him in those proceedings, but she testified that she did not recall the defendant’s case, and that she did not know of her own personal knowledge where the defendant signed his waiver of indictment. Although Ms. Ehrlich-White testified that she did not recall any case in which a defendant signed a waiver in open court during the period of time she handled the defendant’s case, this was “as much as [she] could say.” When specifically asked if it ever happened in one of her cases, she replied “Could I swear it never happened, I don’t know. I never recall it happening.”
Rather than offering testimony from a witness with a specific recollection of the particular proceedings in question, the de *908 fendant points to the lack of a specific statement from the Judge who accepted the plea, either in writing or on the record, that the waiver was in fact signed by the defendant in open court, and he relies upon the testimony of the witnesses he called at the hearing who indicated that the practice in that Part at that time was not to have a defendant sign a waiver in open court when his or her case was called, but to have the defendant sign the waiver in the back or outside of the courtroom before the case was called. For their part, the People rely upon the testimony of the witnesses they called at the hearing, who denied that there was a specific policy which required that defendants sign waivers of indictment before their cases were called in open court. Although the People’s witnesses conceded that in most cases defendants did sign waivers in that manner, they also recalled that on some occasions defendants did sign waivers in open court after their cases were called. Based on all the testimony adduced at the hearing, I make the following findings of fact:
(1) From 1987, when Part N was first instituted, until some time after 1990, the year the defendant entered the guilty plea in issue here, those defendants who waived indictment in Part N and pleaded guilty to a charge brought in a superior court information did not systematically sign a waiver of indictment in open court.
(2) During this period, the great majority of defendants who waived indictment in Part N did so by signing a waiver of indictment either in the hallway, the back of the courtroom, or in the pens, before their cases were called.
(3) Some defendants, however, did sign waivers of indictment in open court when their cases were called.
(4) When a defendant signed a waiver of indictment and pleaded guilty to a charge pursuant to a superior court information, no attempt was made to place on the record where or when the defendant signed the waiver.
The question remains whether this evidence is sufficient under the circumstances of this case to overcome the presumption of regularity.
The law permits the use of a presumption of regularity to resolve certain questions of fact, finding it better that “[s]ome otherwise insoluble dilemmas caused by the absence of affirmative evidence * * * be resolved by relevant presumptions that serve procedural convenience and thereby help to adjust substantive rights and obligations.” (Barker and Alexander, *909 Evidence in New York State and Federal Courts § 301.4 [3], at 84.) Thus, in People v Dominique (90 NY2d 880 [1997]), the Court of Appeals considered a challenge to a search warrant based on an allegation that the issuing court took oral testimony in support of the application and failed to record that testimony as required by CPL 690.40 (1). The Court sustained the warrant, holding that (at 881) “[i]n the absence of any specific proof, the law presumes that the statutory requirements were satisfied. Under this ‘presumption of regularity’ the law further presumes that no official or person acting under an oath of office will do anything contrary to his official duty, or omit anything which his official duty requires to be done. Substantial evidence is necessary to overcome that presumption.” (See also, People v Richetti, 302 NY 290, 298 [1951] [“A presumption of regularity exists only until contrary substantial evidence appears”]; People ex rel. Asaro v Morhous, 268 App Div 1016 [2d Dept 1944] [without clear and convincing proof to the contrary, appellate court was bound to presume that the lower court had performed its obligations in obtaining defendant’s conviction].)
In a variety of different contexts, the presumption of regularity has been applied, even in the face of some evidence that the required procedure in issue may not have been followed. In People v Pichardo (168 AD2d 577 [2d Dept 1990]), for example, the defendant claimed that the trial court had conducted material portions of the trial in his absence, and relied for his claim on the fact that the court clerk had failed on some occasions to record the defendant’s presence in the courtroom. The Appellate Division held that this was not substantial evidence that he had not been present on those occasions, and was insufficient to rebut the presumption of regularity. (See also, People v Mclver, 39 AD2d 671 [1st Dept 1972] [absence of affiant’s signature on affidavit in support of a search warrant on which his typed name appeared insufficient to invalidate warrant where issuing Judge signed affidavit stating that affiant swore to its contents in his presence].)
In People v McIntyre (178 AD2d 559 [2d Dept 1991], supra), the defendant made the same claim the defendant makes here: that he could not be sentenced as a prior felony offender because in his earlier case he had not signed the waiver of indictment in open court. The Appellate Division noted, however, that: “During the defendant’s plea allocution in 1985, he said he understood that, by pleading guilty, he was waiving the right to have his case presented to a Grand Jury. The rec *910 ord of the 1985 proceedings includes a copy of a written waiver of indictment signed by the defendant, the defense counsel, and the Assistant District Attorney. Moreover, in an order dated March 4, 1985, approving the waiver, the court found that the waiver of indictment executed by the defendant complied with CPL 195.10 and 195.20.” (178 AD2d, at 560.) Based on these factors, the Court found that “the defendant [had] failed to sustain his burden of overcoming the presumption of the validity and regularity of the previous felony conviction”. (Supra.)
In this case, as in McIntyre (supra), the defendant told the court in the plea allocution that he understood he was waiving his right to have his case presented to the Grand Jury; the file included a written waiver which was signed by the defendant, his attorney and the Assistant District Attorney; and the Judge accepting the plea made a finding that “the waiver of indictment executed by the defendant compile[d] with [CPL] 195.10 and 195.20”. Given these indicia of compliance with the law, and my factual finding that at the time of the defendant’s plea no attempt was being made to place on the record where or when a defendant signed a waiver of indictment, the presumption of regularity is not defeated by the fact that the record of the proceeding does not specifically reflect that the waiver was signed by the defendant in open court. (See also, Matter of Hayden v LeFevre, 145 Misc 2d 316 [Sup Ct, Clinton County 1989] [declaring waiver of indictment signed in open court valid even though court reporter did not so indicate on the record].)
The presumption is also not defeated by evidence adduced at the hearing that many, indeed most, defendants who signed waivers of indictment in Part N in 1990 did not do so in open court. In order to defeat the presumption, the defendant must oifer “specific proof’ that the procedure required by law was not employed (People v Dominique, 90 NY2d 880, 881 [1997], supra), that is, “specific proof’ of what happened in his case, not probabilities based on what occurred in other cases. (See also, People ex rel. Williams v Murphy, 6 NY2d 234, 236 [1959] [stating, in context of claim that defendant was not afforded right to object before sentence was imposed upon him that “(t)he presumption of regularity of official proceedings would require the denial of the writ in the absence of any evidence concerning what did occur when relator was sentenced (citations omitted)”].)
In any case, there are reasons present here to distinguish the defendant’s case from others that were called in Part N in *911 1990. First, the Judge who accepted the defendant’s plea was not the Judge who generally presided in Part N, and there is no factual basis to find, and no reason to presume, that when this Judge accepted the defendant’s plea that he did so in whatever manner pleas were usually taken in Part N. Second, although the Judge did not specifically state in the order approving the waiver that the defendant signed it before him in open court, he did find that the defendant signed the waiver in the presence of his attorney, a finding for which he should be presumed to have had a basis of knowledge. (See, People v McIver, 39 AD2d 671 [1st Dept 1972], supra [“In the absence of evidence to the contrary, there is a presumption that the Judge, in reciting that the officer swore to the document, properly carried out the function of his office and truthfully stated the fact”].)
From the hearing, it is evident that there was a period of time in Part N when in many cases the State constitutional requirement that a defendant who signs a waiver of indictment do so in open court was not scrupulously honored. However, the defendant has failed to provide the “substantial evidence” necessary to overcome the presumption that in his case, when he signed the waiver of indictment, he did so in the manner that was constitutionally required. Accordingly, I reject the defendant’s claim that his prior conviction was not constitutionally obtained, and I find that the defendant may be sentenced as a second felony offender.

. In pertinent part, CPL 400.21 (7) (b) provides that “[a] previous conviction in this or any other jurisdiction which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate felony conviction.” This language suggests, and one court has stated in dicta, that “[o]nly a violation of defendants’ rights under the United States Constitution may be considered as grounds for non-use as a predicate felony” (People v Cruz, 117 Misc 2d 355, 358-359 [Sup Ct, Kings County 1983], affd on other grounds 144 AD2d 478 [2d Dept 1988] [citations omitted]; see, People v Alston, 83 AD2d 744 [4th Dept 1981]). One lower court has held that CPL 400.21 also permits a defendant to claim that he is not a second felony offender because his prior felony conviction was obtained in violation of the New York Constitution. (People v Slavik, 131 Misc 2d 795 [Broome County Ct 1986].) Without considering this question directly, the Second Department has considered pursuant to CPL 400.21 a challenge to a prior conviction on the same State constitutional grounds alleged here. (See, People v McIntyre, 178 AD2d 559 [2d Dept 1991].) Even if a State constitutional challenge to a prior felony conviction were not permitted pursuant to CPL 400.21, the defendant could nonetheless directly challenge *905 the prior conviction in a separate proceeding brought pursuant to CPL 440.10 (1) (h), which permits a court “[a]t any time after the entry of a judgment,” to vacate that judgment on the ground that “[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.”

. Section 6 of article I of the New York Constitution provides that a waiver of indictment “shall be evidenced by written instrument signed by the defendant in open court in the presence of his counsel.” Similarly, CPL 195.20 requires that “[t]he written waiver [of indictment] shall be signed by the defendant in open court in the presence of his attorney.”

. That the defendant knowingly and voluntarily waived his right to have the Grand Jury consider his case is further evidenced by the fact that when the Judge conducted the allocution of the defendant concerning the plea, among the questions he asked were whether the defendant understood that by entering a plea of guilty the defendant was giving up his “right to have this case presented to the grand jury and * * * to testify before the grand jury,” to which the defendant replied, “Yes.”