People v Rowe (2025 NY Slip Op 50575(U))

[*1]

People v Rowe

2025 NY Slip Op 50575(U)

Decided on April 21, 2025

District Court Of Nassau County, First District

Agazarian, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 21, 2025
District Court of Nassau County, First District

The People of the State of New York,

against
Jahquay Rowe, Defendant.

Docket No. CR-018515-24NA

Kristin Galison, Esq.
Anne Donnelly, District Attorney of Nassau County

Jaclene Agazarian, J.

Papers Submitted:
Defendant's Notice Motion and Affirmation in Support 1
People's Affirmation and Memorandum of Law in Opposition 2
 PRELIMINARY STATEMENT
The Defendant is charged with multiple offenses related to operating a motor vehicle while his license or privilege was suspended or revoked, the top counts being the unclassified misdemeanors of VTL §§ 511(1)(A), 510 (7), and 355, along with the traffic infractions of 402(4) (two counts) and 509(1). The Defendant was arraigned on October 30, 2024. The People filed their Certificate of Compliance ("COC") and Certificate of Readiness ("COR") with the Criminal Clerk on December 27, 2024, at which time they mailed defense counsel's copy to an incorrect address.
The Defendant now moves by Notice of Motion dated March 4, 2025, for an order pursuant to CPL§30.30(5), determining the People were not ready for trial and striking the People's COR as illusory and invalid and for an order dismissing the charges against the Defendant pursuant to CPL §170.30(1)(e) and/or (f) and/or CPL §210.20(1)(g), as Defendant was denied the right to a speedy trial. The People oppose.
Although the People timely filed their COC and COR, their failure to properly serve defense counsel for approximately ninety one (91) days thereafter compels the Court to deem them invalid.

ARGUMENTS
Defense counsel asserts that the People have exceeded their time to be ready for trial. She argues that from the date of Defendant's arraignment on October 30, 2024, until the date the instant motion was filed, March 4, 2025, one hundred and seventeen (117) days are chargeable to the People (excluding the period of November 18, 2024 to November 25, 2024). Because the top [*2]charges pending against the Defendant are punishable by a sentence of imprisonment of not more than three months, counsel maintains that the People were required to be ready for trial within sixty (60) days and failed to do so.
Defense counsel acknowledges that the People filed a COR and COC with the Court on December 27, 2024, but argues that did not stop the speedy trial clock because she was not served as required under CPL §245.50(1). She maintains that her correct mailing address was readily available to the People at all times since both "webcrims" and the 18b slip assigning her to represent the Defendant reflect her correct address.
At the court appearance on January 16, 2025, after believing the People had exceeded their time to be ready for trial, Defense counsel first became aware that the People had filed a COC and COR off calendar. She informed the People and the Court that she had not been served, at which time it became apparent that the People had served the wrong address. Defense counsel provided her correct address and the People represented they would serve the documents by mail. They did not. At the court appearance on February 11, 2025, defense counsel again made it known that she had not been served and again requested service. On March 4, 2025, when this motion was filed, service had not yet been made. The defense argues, therefore, that the time should be chargeable to the People. She maintains that they have exceeded their speedy trial time and that dismissal is mandated.
In opposition, the People do not challenge the facts alleged by defense counsel or otherwise challenge the adjournments she deems chargeable to the People. Instead, the People argue that the filing of the COC and COR with the Court stopped the speedy trial clock. They assert that their failure to serve counsel at the correct address does not warrant dismissal since they demonstrated "good faith and due diligence."
The People maintain that they mailed the initial COC and COR on December 27, 2024, in good faith, obtaining defense counsel's address "either" from her website or from "webcrims." They assert that this was a simple error and that the Defendant suffered no prejudice. The People argue that dismissal would be "a severe punishment for an inadvertent error." They further note that the COC and COR were served upon defense counsel at the correct address on March 28, 2025.
DISCUSSION
CPL §245.50(1) provides, in relevant part, "[w]hen the prosecution has provided the discovery required by subdivision one of section 245.20 of this article...it shall serve upon the defendant and file with the court a certificate of compliance." The service of a COC upon the defendant is necessary in order for the People to be ready for trial (People v. Harris, 80 Misc 3d 938 [Crim Ct. Bronx Co., 2023]; People v. Benincasa, 83 Misc 3d 1264(A) [Crim Ct. Queens Co., 2024]).
The People do not dispute that they served defense counsel at the incorrect mailing address when the COC and COR were filed with the Court. They do not dispute that this error was made known to them on January 16, 2025, at which time they recorded the correct address in their case file. They further do not dispute that this error was again brought to their attention on February 11, 2025, when defense counsel informed the People that she still had not been served, and again on March 4, 2025, when this motion was filed. The People did not serve defense counsel with the COC and COR until ninety one (91) days after they filed with the Court and seventy one (71) days after the error in service was made known to them. The Court does not [*3]find this to be due diligence.
While an argument could be made that the initial service to the incorrect address was an "inadvertent error," there is no explanation for why the error was not promptly corrected once brought to the People's attention. A "perfect prosecutor" is certainly not expected or required, but there must be a reasonable effort to comply with statutory obligations (People v. Bay, 41 NY3d 200 [2023]; People v. Butler, 84 Misc 3d 1266(A) [Crim Ct. Kings Co., 2025]; People v. Buenaventura, 82 Misc 3d 1135 [Crim Ct. Kings Co., 2024]; People v. Carter, 80 Misc 3d 127(A) [App. Term 11th & 13th Jud. Dists. Dept., 2023]).
For the Court to consider this a "good faith" error, the People must demonstrate good faith in addressing the error. They had an opportunity to do so on January 16, 2025, when they could have served defense counsel in Court or by mail as they represented they would. Even then, they had another opportunity to correct the error at the Court appearance on February 11, 2025, when defense counsel alerted the People that she still had not been served. It was not until March 28, 2025, three and a half weeks after Defendant filed this motion, that proper service was made. Under these circumstances, the Court cannot find due diligence or good faith on the part of the People when no facts have been alleged in support of that claim.
The Court acknowledges that service to an incorrect address will not necessarily invalidate a COC and COR, provided the defense is promptly notified. (See e.g.: People v Anderson, 252 AD2d 399 [1st Dept 1998][citing the Court of Appeals in People v Kendzia, 64 NY2d 331 [1985]]; People v McClure, 80 Misc 3d 238, 241 [Crim Ct. Bronx Co., 2023] [citing Kendzia, supra]; People v Miller, 79 Misc 3d 1032 [Crim Ct. Bronx Co,. 2023]; People v. Jeter, 83 Misc 3d 120[A][Crim Ct. Bronx Co., 2024]). The Court further acknowledges that when it comes to answering ready for trial, "[i]t is the filing of the statement, not service, that is critical, and all that is required is 'prompt' notice to defense counsel" (McClure, supra at 241, citing Kendzia at 337).
In these instances, the Court must consider the case specific facts and circumstances and whether the People acted reasonably and in good faith under those circumstances (see: People v. Carter, 91 NY2d 795 [1998]; People v. Miller, 79 Misc 3d 1032 [Crim Ct. Bronx Co., 2023]; People v. Chen, 78 Misc 3d 1212[A] [Crim. Ct. Queens Co., 2023]; People v. Ramirez, 75 Misc 3d 931 [Crim Ct. Kings Co., 2022]; People v. Tejada, 59 Misc 3d 422 [Crim Ct NY Co., 2018]; CPL §245.50[1]). In this case, because the People offer no reasonable explanation for the unreasonable delay in service, their COC and COR must be deemed invalid.
Pursuant to CPL §245.50(1), a COC must identify the items provided to the defense and will "not be deemed complete until all of the material and information identified in the certificate as subject to discovery and electronically shared with defendant [is] actually produced to the defendant" (People ex rel. Ferro v. Brann, 197 AD3d 787, 788 [2d Dept. 2021]). Therefore, it is not enough to just notify the Defendant that a COC has been filed without also properly serving it. Without an opportunity to timely review the COC, Defendant cannot challenge its validity or determine whether the People met their statutorily required discovery obligations. 
The People shall not be deemed ready for trial for purpose of CPL §30.30 until the service of a proper COC (see: CPL §30.30; CPL §245.50; People v. Harris, supra; People v. Ramirez, supra). While timely filed with the Court, "[f]atal is that service on the defendant occurred after the People's CPL §30.30 time elapsed" (People v. Harris, supra).
The People's obligations under CPL §30.30 were enacted for the narrow purpose of insuring prompt readiness with an intent to "discourage prosecutorial inaction" (People v. Price, 14 NY3d 61 [2010]; People v. Sinistaj, 6 NY2d 236 [1986]). Here, despite repeated demands from the defense for service of the COC and COR, the People's inaction prevented the case from moving forward.
Because the top charge Defendant faces is an unclassified misdemeanor under the Vehicle and Traffic Law not punishable by a sentence of imprisonment of more than three months, the People must be ready within sixty (60) days, plus any excludable time (CPL §30.30(1)(c)). Defendant has met the initial burden of demonstrating that the People have exceeded the speedy trial limits set out in CPL §30.30(1). Once the Defendant has demonstrated an unexcused delay greater than the time allowed, the burden of showing that time should be excluded falls upon the People (see: People v. Santos, 68 NY2d 859 (1986); People v. Appel, 44 Misc 3d 133(A) [App. Term 9th & 10th Jud. Dists. 2014]).
The defense has provided detailed allegations asserting that the People should be charged a total of one hundred and seventeen (117) days. In light of this Court's decision granting invalidation of the People's COC and COR filed on December 27, 2024, this Court finds that a total of (117) days are chargeable to the People. As such, the People have far exceeded their time to be ready for trial pursuant to CPL §30.30(1)(c).
For these reasons, the Defendant's motion is GRANTED to the extent it is
ORDERED, that the within docket is hereby dismissed pursuant to CPL 170.30(1)(e).
This constitutes the decision and order of the Court.
Dated: April 21, 2025
HON. JACLENE AGAZARIAN